Curia, per

O’Neall, J.
The first section of the Act of ’36, 6 Statutes at Large, 556, enacts, “ that from and after the passing of this Act, it shall and may be lawful for the *63 creditor, or creditors, of any person applying for the prison bounds Act, insolvent debtor’s Act, or any other Act now of force, or hereafter to be passed for the relief of insolvent debtors, or imprisoned debtors, either in person or by attorney, to examine and cross examine such applicant on oath, in the presence of the Judge or Commissioner of Special Bail, as the case may be, before whom he shall move for his discharge from imprisonment, touching the truth of his schedule, and touching the’nature and extent of his property, rights and credits, liable to be assigned for the benefit of his creditors. And- the refusal of any such applicant to answer, fully and directly, all or any proper questions put to him in the course of such examination, shall prevent his discharge, if otherwise entitled thereto, until he shall have fully answered the same.”
The insolvent debtor’s Act, 4 Statutes at Large, 87', directs that the court shall, in a summary way, examine into the matter of the petition for the benefit of the insolvent debtor’s Act, “and hear what shall be alleged for or against the discharge of the said petitioner.” Under this there is no doubt, that until Zilstra's case, (2d Bay, 147,) the judges examined the whole matter without a jury ; after that case suggestions of fraud were allowed to be filed and tried by a jury. The prison bounds Act, 5 Stat. at Large, 78, directs that the prisoner shall be liberated unless satisfactory cause is shewn to the contrary, before one or more of the Judges of the court where the process originates, or one or more of the commissioners appointed for taking special bail in the circuit district. ‘ Here, again, there is no provision for a jury. Yet, in the 7th section it is provided that the judge may impannell and swear a jury to try the question of fraud, where that is objected to á prisoner’s discharge. Inasmuch as no provision was contained in the Act, authorising the drawing and summoning a jury, it followed that the provision in the 7th section could only apply to an application to be discharged under the prison bounds Act," made to a judge of the common pleas in term time, where a jury is a part of the regular administration of justice. The Act of ’33, 6 Stat. at Large, 491, first gave the power to a judge out of term, a justice, or commissioner of special bail, hear *64 ing a prisoner’s application under the prison bounds Act, to summon a jury to try the question, when the prisoner is accused of fraud. .So that, as far as legislation is concerned, a judge hearing an insolvent debtor’s application, may, if he choses, examine the whole matter. In practice, however, when a prisoner has been accused of fraud, Zilstra’s case has been followed, and a suggestion is filed setting out the particulars in which fraud is alleged, and thereupon an issue is made up and tried by a jury. But the Act of 1836 presents a new inquiry; can the plaintiff in execution examine the prisoner before the suggestion of fraud is filed Í The words of the Act are so plain that there can be no doubt the creditor has the right to examine the prisoner before the Judge, and, consequently, before the issue be made up. The case of Weed and Fanning and Charles vs. Evans, 2 Spears, 232, is a precedent for such a course. Upon such examination, if it be plain that the prisoner is not entitled to his discharge, it is clear that the judge must refuse his application ; and if he does, as was done in this case, what is to become of the prisoner ? I confess that I can see no way in which he can make up an issue to be tried by a jury. The creditor may file his suggestion of fraud, by leave of the court, after such examination, and, perhaps, the better course is to refuse the prisoner’s application, ad interim, and order the plaintiff to file a suggestion, setting out the particulars in which he charges fraud, and, upon that, an issue to be' made up ; so that, if found for or against the prisoner, he may be released from imprisonment, or visited with the consequences of a conviction of fraud. This is, however, more a construction in favor of liberty resulting from practice, than from legislative provisions.
The motion to reverse the decision below is dismissed; but the creditor, John Rosser, is directed to file, within thirty days of the next term for Darlington district, in the clerk’s office of the said district, his suggestion setting out the particulars of fraud which he presents as objections to the prisoner’s discharge ; and to it the prisoner is ordered to plead, so that an issue may be made up, and tried at the next term for Darlington district.
Richardson, Butler, Warplaw and Frost, JJ. concurred.